J. R. SMITH v. THE STATE.

No. 3146. Decided May 27, 1914.

Rehearing denied June 24, 1914.

1.—Driving Cattle Across Quarantine Line—Sanitary Commission—Governor.

Upon trial of the offense of driving and causing to be driven certain cattle across the quarantine line, defendant insisted that the law which authorized same had not gone into effect and that, therefore, the action of the Governor and the Sanitary Commission in establishing said quarantine line was illegal and void, but the record showed that said line was not to become effective until after the law passed by the Thirty-third Legislature had gone in force, the same was legal and valid.

2.—Same—Delegation of Legislative Power—Constitutional Law.

The Act of the Thirty-third Legislature, Chapter 169, authorizing the Sanitary Commission and the Governor to establish, maintain and enforce quarantine lines whenever they deem it necessary for the protection of live stock against splenetic fever, is not a delegation of legislative powers, but is constitutional and valid.

3.—Same—Argument of Counsel.

Where the argument of State's counsel was authorized by the evidence and no charge was requested withdrawing the same from the jury, there was no reversible error.

Appeal from the County Court of Knox. Tried below before the Hon. J. H. Milam.

Appeal from a conviction of driving livestock across the livestock line without dipping them; penalty, a fine of $150.

The opinion states the case.

J. S. Kendall, for appellant.—On question of validity of quarantine line: Mellinger v. City of Houston, 3 S. W. Rep., 251; Drought v. Story, 143 S. W. Rep., 361.

On question of argument of counsel: Orman v. State, 24 Texas Crim. App., 495; Johnson v. State, 66 Texas Crim. Rep., 586, 148 S. W. Rep., 328.

C. E. Lane, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of driving and causing to be driven cattle from a point in Knox County south and east of the quarantine line into that part of Knox County north and west of that line without having same dipped or inspected as required by the regulations of the Live Stock Sanitary Commissioner, and his punishment assessed at a fine of $150, from which conviction he prosecutes this appeal.

Appellant insists that, as at the time the commission fixed the quarantine line in Knox County, and the issuance of the Governor's proclamation, the law passed by the Thirty-third Legislature, chapter 169, had not gone into effect, their action was illegal and void, and the line that appellant caused the cattle to be driven over and across had never been legally established as a quarantine line, and, therefore, appellant is guilty of no offense. If the action of the Governor and commission was premature, and done at a time they had no authority to act, appellant's contention might be sound. But the Sanitary Commission was not created by the Act of the Thirty-third Legislature, but the commission had been in existence under and by virtue of chapter 8 of title 124 of the Revised Civil Statutes since 1893, with full authority and power to establish, maintain and enforce quarantine lines. It is true that prior to the Act of the Thirty-third Legislature, by article 7322 of the Revised Statutes, the Commission was required to fix the quarantine line so as to conform to the Federal quarantine line established by the U. S. Department of Agriculture, but this article of the statute was repealed by the Act of the Thirty-third Legislature, and the Commission was authorized to establish, maintain and enforce quarantine lines wherever they deemed it necessary to protect the domestic animals of this State from Texas splenetic fever and from all contagious and infectious diseases of a communicable character, whether said diseases exist in Texas or elsewhere; so that from and after July 1, 1913, the commission was no longer limited in establishing quarantine lines to the lines as fixed by the United States authorities. Experience had shown that such restriction was an impediment to the protection of livestock in this State, and the commission was given authority to establish other quarantine lines when conditions demanded it. It is true the Act of 1913 did not go into effect until ninety days after the adjournment of the Legislature or July 1, 1913, but did the Governor or the Sanitary Commission by the rules and regulations established and promulgated seek to enforce the provisions of chapter 169 of the Act of the Thirty-third Legislature prior to July 1st? By the terms of the regulations and rules adopted it is specifically shown they did not, for therein they specifically provided that the line therein established should become effective *July 1, 1913*, thus recognizing that they had no authority to establish, enforce and maintain such line until the Act of 1913 had become the law of this State. That the Sanitary Commission and the Governor, with the knowledge that the law had been amended so as to authorize them to establish other quarantine lines than that fixed by the United States

authorities, took steps to establish, maintain and enforce such lines whenever they deemed it necessary for the protection of livestock from splenetic fever, contagious and infectious diseases, at the earliest possible moment after the law authorizing them so to do became effective, should not render them subject to criticism, but they should be commended for so doing, and as they had provided that the line created in the rules and regulations of the Commission and the proclamation of the Governor should not become effective until after the law passed by the Thirty-third Legislature had gone in force, their Act was not illegal and void.

It is also contended that as this Act of the Legislature authorized the Sanitary Commission and the Governor to establish, maintain and enforce such quarantine lines, it was a delegation of "legislative powers" and therefore unconstitutional and void. If it should be construed that this was a delegation of the power conferred by the Constitution on the Legislature to enact a law, we would agree with appellant that the law was unconstitutional, but the Sanitary Commission and the Governor were acting not only under the authority of law but under specific command of the Legislature in establishing those lines whenever they deemed it was necessary to do so to protect the livestock of this State from splenetic fever, or infectious or contagious diseases. The authority to do so was contained in a law enacted by the Legislature, and no legislative power to enact law was by it vested or sought to be vested in the Sanitary Commission or the Governor. Stanfield v. State, 83 Texas, 317; Johnson v. Martin et al., 75 Texas, 33; San Antonio v. Jones, 28 Texas, 19; Brown v. City of Galveston, 97 Texas, 1; State v. Pond, 6 S. W. Rep., 469.

Appellant insists that the case should be reversed because the county attorney in his address said: "A small fine of $50 will not be any punishment to Dr. Smith, with his big farms and ranches." No charge was requested instructing the jury not to consider such remarks, and under the testimony in this case we think the record discloses that appellant owned farms south of the Brazos river, and a ranch north of the river, and under such circumstances these remarks present no reversible error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 24, 1914.—Reporter.]