## W. C. MCGEE v. THE STATE.

### No. 4402.    Decided April 25, 1917.

**1.—Tick Eradication Law—Statutes Construed.**

Where the prosecution originated under the former Act, the provisions of the amended Act, although much clearer than the first, can not be applied to this prosecution.

**2.—Same—Information.**

Where the information followed the statute of the tick eradication law, the same was sufficient.

**3.—Same—Constitutionality of the Law—Local Option Law.**

The tick eradication law, Act of the Legislature, April 8, 1913, is constitutional, and authorized under section 23 of article 16, Constitution. of Texas, providing that the Legislature may pass laws for the regulation of live stock, etc. Following Ex parte Thompkins, 47 Texas Crim. Rep., 356, and other cases.

**4.—Same—Governor's Proclamation—Evidence—Judicial Knowledge.**

Under the law, the court and jury had to take judicial knowledge of the Governor's proclamation, and it was not necessary to prove the same as alleged, and where the State undertook to do so, it was not necessary to have introduced the original in evidence.

**5.—Same—Notice—Sanitary Live Stock Commission—Evidence.**

The notice from the Sanitary Live Stock Commission, which was not properly authenticated or proven up, could not be introduced in evidence over defendant's objection, and this was reversible error upon trial of a violation of the tick eradication law, especially where the prosecution was not based on that feature of the law.

**6.—Same—Evidence—County Attorney.**

The testimony of the county attorney sought to be introduced by the defendant as to the county attorney's advice with reference to the eradication of ticks, was inadmissible.

Appeal from the County Court of Young.    Tried below before the Hon. W. P. Stinson.

Appeal from a conviction of a violation of the tick eradication law; penalty, a fine of fifty dollars.

Among other things, the defendant offered in evidence the testimony of the county attorney to the effect that after the local election on the tick eradication law, the defendant consulted him as to the dipping required, and the county attorney advised him that he could disinfect

the cattle in his own way, and that if he destroyed the ticks, he would not have to dip the cattle, etc.

*Johnson & Johnson,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of constitutionality of the law:   Ex parte Lyle, recently decided.

PRENDERGAST, Judge.—Appellant was convicted of unlawfully violating the tick eradication law and assessed the lowest fine.

The first and only law applicable herein passed by our Legislature on the subject of the eradication of ticks so far as we can find was the Act of April 8, 1913, page 353 et seq.   This Act is quite crude, at least in some of its provisions, and some of them are quite difficult to understand, if indeed the language thereof is such that they can be understood in some particulars at all.

The present Legislature, however, by an Act approved March 6, 1917, not yet published, enacted another law on this subject, which is much clearer and some of its provisions fuller, than the Act mentioned above. We have examined the new Act in the Secretary of State's office and find that it provides that that Act is cumulative only, and in effect does not expressly repeal the previous law.   Furthermore, as this cause originated and the conviction was had and this appeal perfected before said Act of March 6, 1917, was enacted, its provisions can not be applied herein, but only the provisions of the said Act of April 8, 1913, are applicable.

This prosecution was had under section 7 of said Act of April 8, 1913, which is:   "Any person, company or corporation owning, controlling or caring for any domestic animals affected with, or known to have been exposed to, any contagious or infectious disease, or the agency or transmission thereof, who shall fail or refuse to dip or otherwise treat such live stock at such time and in such manner as directed by the Live Stock Sanitary Commission, shall be fined in any sum not less than fifty dollars nor more than one thousand dollars."

Section 4 thereof is:   "It shall be the duty of any person in any county who is the owner or caretaker of any live stock located in a special quarantined area established under the authority of section 3 of this act, known by the live stock inspector to be infected with ticks (Margaropus Analatus) or scabies infection are exposed to infection or agent of transmission of any other infectious, contagious or communicable disease to treat such live stock and at such times and in such manner as shall be directed by the Live Stock Sanitary Commission."

Section 8 requires the Commissioners Court of any county, lying in a certain portion of the State, to order an election held in such county upon the petition of a certain number of resident land owners to determine whether such county shall take up the work of tick eradication therein.   It also directs when and how such elections shall be held,

returns made and the result declared. And when such elections are carried, etc., it requires the county judge of such county to notify the Live Stock Sanitary Commission of the adoption of such law and requires the Commission to have the Governor issue a supplemental proclamation quarantining said county for tick eradication, and, in substance, requires the counties and citizens thereof under the direction of said Commission to begin the work of tick eradication within thirty days thereafter.

The information nerein, which was based upon and .ollows a proper complaint, alleged that an election was held in Young County on December 11, 1915, for determining whether that county should be under the direction of said Commission for the eradication of the Texas fever tick, and after said law was in force and effect and the Governor had issued properly the said proclamation placing said county under quarantine for said purpose, that thereafter, on July 6, 1916, appellant was the owner and caretaker of domestic animals, cattle, "then and there infected with and exposed to the Texas fever tick, an agency for the transmission of an infectious and contagious disease, and did then and there fail and refuse to dip his said cattle as required by law," and after said Commission had directed him to dip his cattle, "and an order to that effect had been served upon him by an authorized inspector."

Section 56, article 3, of our Constitution provides that: "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or.special law authorizing:" and then specially enumerates a large number of matters embraced within this express prohibition, and concludes with this further provision: "and in all other cases where a general law can be made applicable no local or special law shall be enacted."

If this section of our Constitution was all there was therein about the enactment of a local or special law, then perhaps it would have prohibited and excluded the enactment of said sections·of the said Act of 1913, but the constitutional convention and the people in adopting it enacted another provision, section 23 of article 16, which is: "The Legislature may pass laws for the regulation of live stock and the protection of stock raisers in the stock raising portion of the State, and exempt from the operation of such laws other portions, sections or counties; and shall have power to pass general and special laws for the inspection of cattle, stock and hides, and for the regulation of brands; .provided, that any local law thus passed shall be submitted to the freeholders of the section to be affected thereby, and approved by them before it shall go into effect." This section 23 took out of said section 56 any prohibition of the character of legislation of said Act of March 8, 1913, and is one of the exceptions "otherwise provided in this Constitution" by section 56. Both our Supreme Court, in Armstrong v. Traylor, 87 Texas, 598, and this court, in Ex parte Tompkins, 47 Texas Crim. Rep., 356, and see also Roberson v. State, 42 Texas Crim. Rep., 595, have expressly held that under said section 23 our Legislature has

the power and authority to pass a law regulating live stock and to make it applicable to the entire State or to a given county or to a subdivision of a county. And that such law can be made effective by direct enactment of the Legislature, or the Legislature can provide for submitting said law to a direct vote of the freeholders of the locality in order to make it effective. We regard this question so well settled that we deem it unnecessary to further discuss it now. So that that part of the Act of April 8, 1913, providing for the submission of the tick eradication law to a vote of the county, and that the county had adopted it and the Governor at the instance of the Commission had properly issued said proclamation, is not unconstitutional, but, on the contrary, the Act and what was done thereunder was clearly constitutional.

Under the law, the court and jury had to take judicial knowledge of the Governor's proclamation alleged. It was unnecessary to prove it. But if the State undertook to introduce it at all, it would be proper to procure from the Secretary of State a properly certified copy of such proclamation. The new Act of March 6, 1917, so provides. Under no circumstances would it have been necessary to have produced the original and introduced that.

Judicial knowledge could not have been taken of the notices from and orders of the Sanitary Live Stock Commission. The notice from the Sanitary Live Stock Commission introduced over appellant's objections was unsigned by anyone and not properly authenticated or proven up. Appellant's objections to it should have been sustained and that document excluded. Either the original or that from the Commission, if necessary to be introduced at all, should itself be produced and identified or at least a properly authenticated copy thereof, in order for it to be admissible.

We can not see how the purported copy of a notice to the sheriff by the Commission, unsigned, notifying him to take appellant's cattle in possession, and him, the sheriff, dip them, had any bearing in this case. The Commission had the power and authority under the law to require the sheriff to do this, but this prosecution was not based on that feature of the law, but was upon appellant's failure and refusal himself to dip his own cattle. On another trial, unless in some other way this is shown to be material, that notice should be excluded.

We think the testimony of the county attorney sought to be introduced by appellant was inadmissible.

We deem it unnecessary to discuss any other question attempted to be raised.

For the errors above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*