## J. R. EMBERLIN v. THE STATE.

No. 5330.  Decided June 4, 1919.

**1 —Tick Eradication Law—Statement of Facts—Transcript.**

Where the State moved to strike out the statement of facts because the same was not incorporated in the transcript and because the same consisted of questions and answers, but it appeared that there was a proper statement of facts in the transcript the same will be considered.

**2 —Same—Complaint—Information—Form of Complaint.**

While unnecessarily long, the complaint and information, under the statute, were sufficient to charge a violation of the tick eradication law,

but the court now here lays down a proper form which is contained in the opinion.

### 3.—Same—Publication—Election—County Judge.

Where the certificate showing the fact of the publication of the result of the election of the tick eradication law was shown to be lost or destroyed, there was no error in permitting the County Judge to orally testify to these facts.

### 4.—Same—Evidence—Proclamation by Governor—Certified Copy.

Where the defendant's bill of exceptions, to the introduction in evidence of a supplemental proclamation of the Governor, declaring the county of the prosecution under tick quarantine, was because the same had not been published in any newspaper, and not because the same was not a certified copy, there was no error in overruling the objection.

### 5.—Same—Judicial Notice—Live Stock Sanitary Commission.

In the absence, in the record on appeal, of an order or a copy thereof issued by the Live Stock Sanitary Commission, directing that defendant should dip his cattle, the conviction cannot be sustained, and testimony of the contents thereof could not be admitted, in the absence of a showing that the same was lost or destroyed. Following McGee v. State, 81 Texas Crim. Rep., 210, 194 S. W. Rep., 951.

### 6.—Same—Evidence—Order of Commission.

It was not necessary that the cattle of the defendant should be actually infected with ticks, in order to make them subject to the law and require them to be dipped.

### 7.—Same—Free Dipping Vats—Presumption.

Defendant could not refuse to obey the law because free dipping vats had not been provided, and the presumption obtains (unless shown otherwise) that the Commission would refuse to order the cattle dipped at any vat where an exorbitant price was charged.

### 8.—Same—Police Regulation—Reasonable Regulation.

We cannot agree that the law is unreasonable, and there was no reversible error in appellant's objection thereto upon this ground.

Appeal from the County Court of Palo Pinto. Tried below before the Hon. W. F. Smith.

Appeal from a conviction of a violation of the tick eradication law; penalty, a fine of twenty-five dollars.

The opinion states the case.

*S. D. Goswick*, for appellant.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—In this case appellant was convicted in the County Court of Palo Pinto County, Texas, of a violation of the tick eradication statute and his punishment fixed at a fine of $25, and he appeals.

The Assistant Attorney General moves to strike out the statement of facts prepared by the stenographer because the same is not incorporated in the transcript, and also because the same consists of questions and answers. The last objection is unquestionably good and said motion is sustained. However, there appears in the transcript what purports to be a statement of facts in narrative form properly approved and filed which we will consider.

Appellant moves to quash the compaint and imformation for various reasons. While unnecessarily long and containing matters which are surplusage, we are of opinion that said pleading sufficiently charged a violation of the law. The Act being recent and there being no form laid down, we take the liberty of suggesting that if it be substantially charged that the election was legal and held in a certain county to determine whether said county should take up and prosecute the work to tick eradication therein, at which election a majority of the legal votes cast were in favor thereof, and thereafter said law was put in effect in the manner and form prescribed by statute, and thereafter, to-wit, on the——day of——, 19—, in said county and State one A. B—— was the owner and caretaker of certain domestic animals, to-wit——, and did fail and refuse to dip said animals after being directed in writing so to do by the Live Stock Sanitary Commission of Texas, at a time and manner set out in said written direction, against the Peace and Dignity of the State; that this is substantially a sufficient allegation where the charge is a failure to dip, and same can be changed to meet any other form of violation of said statute.

The county judge should not have been permitted to orally testify to the fact of the publication of the result of the election unless such character of proof was found to be necessary by reason of the loss or destruction of the certificate of such fact, provided for by section 7 of the Act. Said section specially provides that such certificate shall be admissible in evidence in the courts.

Appellant complains of the admission in evidence of what purported to be a supplemental proclamation of the Governor declaring Polo Pinto County under tick quarantine. If the objection had been, because said document was not a copy certified by the Secretary of State, as prescribed by section 9 of said Act, same would have been good, but we observe from appellant's bill of exception thereto, it was because it did not appear that said proclamation had been published in any newspaper, which objection was not tenable.

No order, or copy of any order, issued by the Live Stock Sanitary Commission, directing that appellant should dip his cattle at any time or manner, appears in the record. In the McGee case, 81 Texas Crim. Rep., 210, 194 S. W. Rep., 951, this court held it could not take judicial cognizance of such orders. Appellant objected to the testimony of Sheriff Abernathy as to what was in the order he had received from said Commission, because the order was the best

26—85 T. C. R.

evidence and the objection should have been sustained, unless it was made to appear that the order was lost or destroyed.

It was not necessary that the cattle of appellant should be actually infected with ticks in order to make them subject to the law and to the requirement of the Commission that they be dipped. The requirements apply to all cattle within the specific quarantine zone.

Nor do we think the appellant could refuse to obey the law because free dipping vats had not been provided by the county. Section three of the Act providing for treatment at the expense of the county, applies only to certain forms of diseases therein named. The presumption will obtain until rebutted, that the Commission would refuse to order the cattle of any citizen dipped at any vat where an exorbitant charge was attempted. The law is intended for the betterment of the people and not an instrument of oppression. No complaint was made of the small amount charged for dipping in the instant case.

We cannot agree with appellant that the law is unreasonable because, as he puts it in his brief, it deprives "the old bonny cow of the pleasure of rubbing off the ticks, on his neighbors' fiance." and then after being deprived of these privileges the poor old hardshell preacher was deprived of his milk and butter for several days after each dipping."

For the errors above mentioned the judgment of the lower court is reversed and the cause remanded.

<em>Reversed and remanded.</em>