# EX PARTE LAWRENCE WINSLOW.

No. 22194. Delivered June 26, 1942.
Rehearing Denied October 14, 1942.

The opinion states the case.

*W. P. McComb,* of Conroe, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was charged by complaint with a violation of the stock law of Montgomery County in letting certain stock run at large in said county after an election had been held in said county prohibiting the running at large of such stock.

Upon an arrest under such complaint he made bond, but was afterwards surrendered by a bondsman, and thereupon he sued out a writ of habeas corpus before the county judge of Montgomery County, and was remanded to the custody of the sheriff, and hence the appeal to this court.

Our Constitution, Art. 16, Sec. 23, provides for the regulation of live stock, etc. by the Legislature, and for the submission to the locality of any such local law for its approval.

Under authority of this article of the Constitution the Legislature passed Art. 7235, R. C. S. 1911, empowering certain counties in this State to hold local option elections to determine whether certain live stock should be allowed to run at large in the named counties, and also prescribing methods and procedure relative to when and how elections should be held in certain counties in the State. In the counties mentioned therein we do not find Montgomery County. Again we find this Article 7235, R. S. 1911 amended by the 39 Legislature in 1925 by the addition of Hudspeth County in the counties thus privileged, and again no mention of Montgomery County found in said article.

In the revision of the Civil Statutes in 1925, the above Art. 7235 appears as Art. 6954, and again we find Montgomery County not included in the counties in which such local option stock laws could be voted upon.

At the Regular Session of the 41st Legislature in 1929 the Legislature amended such Art. 6954, R. S., announcing in the caption of such bill on page 9 of such Acts that said article was amended so as to include the Counties of Galveston, Harris, Refugio, Jim Wells and Duval in said article, and no further counties. We do find, however, that in the body of the bill there appears for the first time the County of Montgomery as one entitled to vote upon such local issue. By reason of the failure to give notice in the caption that Montgomery County was to

be added to such list of counties, we think the inclusion of Montgomery County therein was void and ineffective.

It is also observed that in all prior articles of the statute relative to stock running at large, in the event of a county wide election, it is required that there must first be filed a petition with the commissioners court, signed by at least twelve free-holders from each justice precinct in such county as a requisite to the granting of such petition and the ordering of such election.

At the first Called Session of the 41st Legislature, this Article 6954, R. S. 1925, was amended, the caption only announcing that such article was amended so as to include in said article certain further counties, among them being mentioned for the first time Montgomery County, but no mention therein was made of a change in the method of the obtaining of the signature of the freeholders in the county. The body of the bill, however, did change the location of the different signers of the petition by eliminating the provision for at least twelve free-holder signers from each justice precinct.

Evidently the Legislature, recognizing the fact that such a change in the body of Article 6954 should have been announced in the caption, at the Third Called Session of such 41st Legislature, enacted S. B. No. 22, on page 240 of such Acts, announcing in the caption thereof that there was added to the named counties certain others, among which was included Montgomery County, and also stating in said caption:

"Omitting from said article the language: 'provided that where there is an application to include an entire county there shall not be less than twelve freeholders from each justice precinct of said county as signers to the petition for such election."

We are of the opinion that the above was a proper caption and gave notice to all that it was the purpose of this S. B. No. 22 to not only include extra counties, but also to exclude from the original Art. 6954 the requirement that the petitioners for a county wide stock law election should come from each justice precinct. It is shown, however, by a certified copy of said Senate Bill No. 22, as well as a personal inspection of the original bill in the Secretary of State's office, that such bill has never been signed by the Speaker of the House, although the House Journal of that session of the Legislature, p, 225,

evidences a minute therein that such bill was signed by the Speaker in the presence of the House.

As to the amendment of Art. 6954 at the Regular Session of the 41st Legislature, p. 9, we think the inclusion of Montgomery County in the names of those counties privileged to invoke the provisions of the stock law, so far as Montgomery County was concerned, was void, because no notice was given in such caption that it was intended to thus include such county.

The amendment of Art. 6954 passed at the First Called Session of the 41st Legislature, being H. B. 120, on page 185 of such Acts, is also void because of its failure to state in the caption thereof that such amendatory act omitted therefrom the previous requirement that in a county wide election the petition should be signed by at least twelve freeholders from each justice precinct.

The case of Ward Cattle & Pasture Co. v. Carpenter, 109 Texas, 103, 200 S. W. 521, by the Supreme Court of this State, is directly in point on such matter, and holds that the identical language used herein, that is "So as to include" certain counties, and making no mention of the change in demanded petitioners, gave no hint of the real purpose and effect of the bill, and such omission rendered the bill void. The criticised language in the Ward case being practically identical with that of H. B. 120.

Evidently the Legislature knew of the defects in the previous amendments to Art. 6954, and at the Third Called Session of the 41st Legislature they again amended such article, and gave notice in the caption of such amendment, page 240 of such Acts, that they intended to add to Art. 6954 certain counties as well as to omit therefrom the requirement that the petitioners must come from each justice precinct. This amendment, being Senate Bill 22, does not bear the signature of the Speaker of the House, although the Journal recites that same was signed by the Speaker in the presence of the House.

This same S. B. 22 has been passed upon by the Galveston Court of Civil Appeals, and because of its failure to show the signature of the Speaker, same was held unconstitutional and void.

We quote from Holman v. Pabst, 27 S. W. (2d) 342, in which writ of error was refused by the Supreme Court:

544

"As concerns the soundness of the holding that purported Senate Bill No. 22 is invalid because not carrying the signature of the Speaker of the House of Representatives, we are also clear; as to it, the photostatic copy of the bill itself, under certificate of the Secretary of State, attached as Exhibit No. 9 to the statement of facts, under like agreement of the parties here that it is correct, discloses that the original bill on file in that official's office—its required depository—does not bear the signature of the Speaker; it is true there also appears as an exhibit to the statement of facts a photostatic copy of an excerpt from the House Journal reciting, 'The Speaker signed, in the presence of the House after giving notice thereof and their captions had been read severally, the following bills,' among which appears the caption of a Senate Bill No. 22 corresponding to the caption upon the instrument now in the secretary of state's office and here under discussion, but this affirmative showing that it did not bear the signature of the Speaker nullifies the bill notwithstanding such recital in the House Journal, because the Constitution expressly and mandatorily requires both in this provision:

" 'The presiding officer of each house shall, in the presence of the house over which he presides, sign all bills and joint resolutions passed by the legislature, after their titles have been publicly read before signing; and the fact of signing shall be entered on the journals.' Constitution of Texas, art. 3, Sec. 38; Williams v. Taylor, 83 Tex. 667, 19 S. W. 156; State v. Cahill, 12 Wyo. 225, 75 P. 433; Hunt v. State, 22 Tex. App. 396, 3 S. W. 233; Ex parte Tipton, 28 Tex. App. 438, 13 S. W. 610, 8 L. R. A. 326; George Bolln Company v. North Platte Valley Irrigation Company, 19 Wyo. 542, 121 P. 22, 39 L. R. A. (N. S.) 868; Scarbrough v. Robinson, 81 N. C. 409; State v. Glenn, 18 Nev. 34, 1 P. 186; State v. Mickey, 73 Neb. 281, 102 N. W. 679, 119 Am. St. Rep. 894; Lynch v. Hutchinson, 219 Ill. 193, 76 N. E. 370, 4 Ann. Cas. 904; State v. Lynch, 169 Iowa, 148, 151 N. W. 81, L. R. A. 1915D, 119.

"Under the cited authorities, these two requirements of our Constitution are clearly not only for separate and distinct purposes—that as to the journal entry being to merely authenticate, not to supply, the signature of the presiding officer upon the bill, the other, that is, the one providing that he shall sign it, being the means specified for identifying the measure as the one before the House at the time to which the journal entry relates, and the one referred to in that entry as having been so

signed—but also are mutually and equally mandatory; such is the logic of those holdings, as we read them, and it is in consequence so here declared."

Under Art. 3, Sec. 38, State Constitution, it is provided that the presiding officers of the different legislative houses shall sign all bills in the presence of their respective houses, and such fact shall be entered on the journal.

We think that because the constitutional requirement of the signing of the bill by the Speaker of the House is a mandatory provision, and when it is evidenced by the bill itself that same has not been thus signed, that such a purported enactment is void.

We think the reasoning in Holman v. Pabst, supra, is correct, and we hold S. B. No. 22 to be void because not signed by the Speaker of the House.

These different holdings leave out of the list of counties Montgomery County as one that can invoke the provisions of the stock law relative to such running at large in that county, and results in discharging relator from custody under the complaint herein charging a violation of the stock law prohibiting stock from running at large in Montgomery County.

The judgment is reversed and the relator is ordered discharged.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Because of the rather confused state of the legislation involved the questions presented were given our closest attention on original submission.

We remain of opinion that the proper disposition was made of the case, and see no occasion to write further.

The State's motion for rehearing is overruled.