

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 4, 1960

Dr. R. G. Garrett
Executive Director
Texas Animal Health Commission
State Office Building
Austin, Texas

Opinion No. WW-835

Re: Whether it is mandatory un-
der the provisions of Sec.
23A, Art. 1525b, Vernon's
Penal Code, that the Texas
Animal Health Commission
designate and begin bru-
cellosis work in counties
in the order in which valid
Dear Dr. Garrett:          petitions are received.

Your letter of March 24, 1960, requesting the opinion
of this department on the matters stated therein reads in
part as follows:

"Specifically, an opinion is desired on
the subject of whether the Commission may,
at its discretion, postpone the beginning of
brucellosis work in counties which have sub-
mitted valid petitions until such time as it
is economically feasible and scientifically
sound to begin such work, or is it mandatory
that the Commission designate and begin bru-
cellosis work in counties in the order in
which valid petitions are received."

Article 7009 of Vernon's Civil Statutes changes the
name of the Livestock Sanitary Commission of Texas to the
Texas Animal Health Commission and provides that hereafter
all or any references thereto or laws relating to the Live-
stock Sanitary Commission shall apply to the Texas Animal
Health Commission, and all appropriations and benefits
should be available to and apply to the Texas Animal Health
Commission.

The pertinent provisions of Section 23A, Article 1525b, Vernon's Penal Code, concerning your question are set out as follows:

"(1) Purpose. It is the purpose of this Section to bring about the effective control and eventual eradication of bovine brucellosis in the State of Texas and to accomplish that purpose in the most effective, practical and expeditious manner."

"(4) When seventy-five percent (75%) of the cattle owners in any area or county in this State, as reflected on the current tax rolls, owning at least fifty-one percent (51%) of the cattle within that affected area or county, as reflected by said tax rolls, shall petition the Livestock Sanitary Commission of Texas to have such area or county, designated as a modified certified brucellosis free area, the Livestock Sanitary Commission of Texas may declare the county or area to be a brucellosis control area. If such area follows county boundary lines it shall be designated as a 'County Brucellosis Control Area', the name of the county identifying the area." (Emphasis added)

"(5) In the event that, for any valid reasons, the Livestock Sanitary Comission of Texas should decide that conditions within and surrounding the county originating such petition make it impractical to operate a brucellosis control area within the boundaries of such county, then the Texas Livestock Sanitary Commission is authorized to add additional territory to such county area in reasonable amount, . . ."

"(11) In order to effectuate the provisions and purposes of this Section, the Livestock Sanitary Commission of Texas is hereby authorized to promulgate such rules and regulations and to require such reports and records as may be necessary . . ."

Clearly, the Texas Animal Health Commission was authorized by the Legislature to establish its own rules and regulations in bringing about the effective control of brucellosis in Texas and may be governed, in establishing the county

brucellosis control areas, by the conditions existing in particular areas and the needs as to effective controls on a statewide basis rather than governed by the date a petition for the establishment of a control area might be filed with the Commission by cattle owners in a particular area. If it is determined by the Commission that a control area is more urgently needed in a county filing a valid petition later than a county where there is no great emergency, this determination would be controlling rather than the filing dates of the two valid petitions and there would be no abuse of discretion on the part of the Commission.

The Legislature has authority under the State's police power to create the Livestock Sanitary Commission and to empower it to establish, maintain and enforce quarantines authorized by law, as it may deem necessary, as well as power to authorize the Commission to make reasonable rules and regulations to prevent the spread of contagious disease among livestock. Mulkey v. State, 83 Tex. Crim. 1, 201 S.W. 991 (1918); Grandy v. State, 87 Tex. Crim. 197, 220 S.W. 339 (1920).

In 1 Sutherland Statutory Construction, 3rd Edition, Page 75, Section 313, it is stated as follows:

". . . the principal exercise of the legislative function is the determination of principles in the establishment of basic policy and that the remainder of a statute merely outlines in such detail as seems desirable the machinery by which the basic principle is made effective. The legislative determination of all these details is impossible and thus the creation of special administrative agencies for their determination is, in fact, a basic policy determination by the legislature. Thus, the grant to these agencies of rule-making power consistent with the general principles announced is not a delegation of the principal legislative function-- that of policy determination--but is at most the delegation of a secondary legislative function-- the function of making structural adjustments, establishing procedures and regulations for the achievement of the principal policy. . . ."

Statutes which are enacted for the protection and preservation of public health give wide latitude in rule-making powers to an administrative body such as the Texas Animal Health Commission. In 1 Sutherland Statutory Construction, 3rd Edition, Page 77, Section 314, it is further stated:

". . . Where, however, frequent adjust-
ment or detailed expert knowledge of the
field is necessary, a legislative delegation
with general policy standards is valid.

"The validity of a particular standard
therefore depends primarily on the field
of activity regulated. Thus, in the field
of public health, safety, and morals gener-
al and indeterminative standards of policy
have usually been sustained and wide dis-
cretion has been left to administration.
. . ."

Also, as set out in Subsection 4, Section 23A, when
certain people "shall" petition the Texas Animal Health
Commission to have a certain area designated as a bru-
cellosis control center the Commission "may" declare a
county or area to be a control center when a valid peti-
tion has been filed by 75% of the citizens owning 51% of
the cattle in a county or area of the State. The use of
the verbs "shall" and "may" make the provision as to the
filing of a petition mandatory and the provision as to
the establishment of control areas only directory and it
follows that the commission is given needed discretionary
powers in determining in which area work should first
begin in carrying out an effective brucellosis control
program regardless of the filing date of a petition.

In 3 Sutherland Statutory Construction, 3rd Edition,
Page 116, Section 5821, it is stated as follows:

"Where both mandatory and directory
verbs are used in the same statute, or in
the same section, paragraph or sentence
of a statute, it is a fair inference that
the legislature realized the difference
in meaning, and intended that the verbs
used should carry with them their ordinary
meanings. Especially is this true where
'shall' and 'may' are used in close juxta-
position in a statutory provision, under
circumstances that would indicate that
different treatment is intended for the
predicates following them. . . ."

It is apparent from the foregoing statutes and author-
ities and, therefore, the opinion of this department that
the Texas Animal Health Commission, under its rule-making
powers granted by the legislature, may designate and begin
brucellosis work in counties and areas in any manner it may

see fit, this being entirely discretionary with the Commission, so long as the stated purpose of this act to control and eradicate bovine brucellosis is effectively carried out.

### SUMMARY

The Texas Animal Health Commission may declare a county or area to be a brucellosis control area if and when it is deemed practical to carry out the purpose of this Act, the time and place being entirely discretionary with the Commission, and it is not mandatory under the provisions of Section 23A, Article 1525b, Vernon's Penal Code, that the Commission designate and begin brucellosis work in counties in the order in which valid petitions are received.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

Iola B. Wilcox
Assistant

IBW:mm


APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman

Wallace Finfrock
John Reeves
Marietta McGregor Payne
Marvin F. Sentell

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore