

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 18, 1969

Honorable A. R. Schwartz
Chairman
Senate Committee on Rules
Capitol Station
Austin, Texas

Opinion No. M-419

Re: Questions concerning con-
sideration by the Governor
of Senate bills presented
to him following passage
by both Houses of the
Legislature where the
requisite constitutional
formalities are questioned
by him.

Dear Senator Schwartz:

Your request for an opinion asks the following questions:

"1. Fully acknowledging the Governor's absolute
right to veto any bill, does the Governor
have a further right to refuse to accept
a bill duly passed by both Houses of the
Legislature which is presented to him for
his consideration?

"2. Fully acknowledging the Governor's absolute
right to veto any bill, what would be the
legal status of a bill twenty days after its
passage by both Houses, which Houses' Jour-
nals reflect that the bill was signed in
the presence of the respective Houses, dur-
ing which twenty-day period the Legislature
has adjourned, which bill has duly been pre-
sented to the Governor for his consideration,
and which has been refused to be accepted
for consideration by the Governor?

- 2092 -

"3.     Fully acknowledging the Governor's absolute
        right to veto any bill, does the Governor
        have a further right to refuse to accept
        a bill  duly passed by both Houses of the
        Legislature, which Houses' Journals reflect
        that the bill was signed in the presence of
        the respective Houses, and which is presented
        to him for his consideration?"

In view of the fact that we do not feel it appropriate to
answer a question concerning the duties of the Governor unless
he requests such advice, we decline to answer your first
question.

Section 38 of Article III provides as follows:

"The presiding officer of each House shall,
in the presence of the House over which he presides,
sign all bills and joint resolutions passed by the
Legislature, after their titles have been publicly
read before signing; and the fact of signing shall
be entered on the journals."

In Ex parte Winslow, 164 S.W.2d 682 (Tex.Crim. 1942), it
was held that the provisions of Section 38 of Article III were
mandatory and when it is evidenced by a bill itself that the
presiding officers of each House did not sign the bill, the
bill is void.

In Williams v. Taylor, 83 Tex. 672, 19 S.W. 156 (1892), the
Supreme Court held that the signature of the presiding officers
of each House on the bill constitutes conclusive evidence that
the act has been passed in the manner required by the Constitution
and that the courts are not authorized to look to the Journals
in order to invalidate a statute.  The court made the follow-
ing observation:

"The courts certainly have no power to revise
or amend the statutes passed by the legislature, and
we think they should ponder well before undertaking

to revise the proceedings of either house of the
legislature, and to declare its action void merely
on account of its failure to observe some rule of
procedure prescribed in the constitution . . .
In those tribunals in which it has been held that
the journals of the two branches of the legislature
could be looked to in order to determine whether
or not the requirements of the constitution had
been observed in passing a statute, with a view to
test its validity, the decision has been placed
upon the ground that the constitution required
each house to keep a journal of its proceedings,
and that the object of that requirement is to pro-
vide evidence by which the courts may determine
whether the provisions of the constitution have
been complied with or not. The constitution of our
state does not declare such to be the object of re-
quiring the journals to be kept, and we know of
none that does. On the contrary, we think the more
obvious purpose of the provision was to preserve a
record of the action of the individual members of
the house, to the end that these constituents
should fix upon them a proper responsibility for
their conduct. In the absence of some declaration
or language in the constitution showing that it
was intended that the journals of the two houses
should have a conclusive effect in determining whether
the acts of the legislature have properly ripened
into laws, we should hesitate long before conceding
to them such an effect by remote implications. No
one can allege ignorance of the law as an excuse for
his conduct. He must determine the law for himself,
and act upon it at his peril. The policy of modern
legislation is not only to declare the statutory law
with clearness and certainty, and to promulgate it
with the greatest publicity, but also to stamp upon
each statute evidence of unquestioned authority.
That evidence at common law was the enrolled bill,
and behind it the courts were not permitted to go.

Rex v. Arundel, Hob. 110. Our constitution provides that after the passage of a bill it shall be signed by the presiding officer of each house, in presence of the house; <u>and we are of the opinion that when a bill has been so signed, and has been submitted to and approved by the governor, it was intended that it should afford conclusive evidence that the act had been passed in the manner required by the constitution</u> . . . It should be assumed that the highest officer in the body, who is sworn to support the constitution, and upon whom is devolved the important function of finally attesting the bill in presence of the house over which he presides, will bring to the discharge of that duty that judgment and circumspection which the occasion demands. . . The question is not a new one in this court. When the commission of appeals which was appointed under the act of March 30, 1887, assembled at Tyler to enter upon their duties, a question was suggested as to the validity of the act, by reason of the fact that the journal showed that an amendment had passed in one house which was not incorporated in the enrolled bill. We felt it our duty to determine the question before referring any cases to the commission. <u>Our conclusion was that the bill as signed by the president of the senate and the speaker of the house and approved by the governor was conclusive evidence of the law, and that the act was valid.</u> The question subsequently came before our court of appeals, and was decided in the same way. Ex parte Tipton, 28 Tex. App. 438, 13 S.W. Rep. 610. The well-considered opinion in that case fully accords with our views. <u>Our conclusion upon the point that we cannot look to the journals in order to invalidate the statute is decisive of both questions presented by this appeal</u> ..." (Emphasis added.)

In *James v. Gulf Insurance Co.*, 179 S.W.2d 397 (Tex.Civ. App. 1944) reversed on other grounds 143 Tex. 424, 185 S.W.2d 966 (1945), it was held that certified photostatic copies of a bill disclosing signatures of the President of the Senate and Speaker of the House afforded conclusive evidence of passage of the bill in accordance with the constitutional provision.

In *Hunt v. State*, 22 Tex.App. 396, 3 S.W. 233 (1886), the Court held that where the Constitution expressly requires that the Journals shall show a particular fact or action by the Legislature in the enactment of a statute, as that the bill was signed by the presiding officer of each House, such fact or action must affirmatively appear in the Journals, or the statute will be invalid. In *In Re Tipton,* 13 S.W. 610 (Tex.Civ.App. 1890) the Court held:

"But, where there is no express constitutional requirement that the journals shall show affirmatively that a constitutional requirement has been observed, it will be conclusively presumed that such requirement was observed; and neither the journals, nor any other evidence, will in such case be allowed to impeach the validity of the statute."

The Supreme Court in *Williams v. Taylor*, supra, specifically adopted the holding in *In Re Tipton*, supra, but did not expressly adopt or reject the holding in *Hunt v. State*, supra. The decision of the Supreme Court in *Williams v. Taylor*, supra, may be contrary to the decision of the Court of Appeals in *Hunt v. State* but under the facts submitted in the instant case, the bills in question would be validly passed under either decision.

Section 14 of Article IV of the Constitution of Texas provides in part as follows:

"Every bill which shall have passed both houses of the Legislature shall be presented to the Governor for his approval . . . If any bill shall not be returned

by the Governor with his objections within ten
days (Sundays excepted) after it shall have been
presented to him, the same shall be a law, in like
manner as if he had signed it, unless the Legislature,
by its adjournment, prevent its return, in which case
it shall be a law, unless he shall file the same, with
his objections, in the office of the Secretary of
State and give notice thereof by public proclamation
within twenty days after such adjournment ..."

In view of the foregoing, in answer to your second question,
if a bill itself evidences that the presiding officers of each
House did not sign the bill, the bill is void. If the bill itself
discloses signatures of the President of the Senate and the
Speaker of the House and the Journals of each House reflects
that the presiding officer of each House duly signed the bill
in the presence of the House over which he presides, such matters
constitute conclusive evidence of the passage of the bill in
accordance with the Constitution. If the Governor does not
actually veto the bill or bills bearing such signatures, they
will become law twenty (20) days after adjournment of the Legis-
lature whether accepted by the Governor or not.

In answer to your third question, you are advised that
if the Journals of each House reflect that the presiding officer
of each House duly signed the bill in the presence of the House
over which he presides and such bill or bills discloses the
signature of the President of the Senate and the Speaker of the
House, it constitutes conclusive evidence of the passage of the
bill or bills in accordance with the Constitution. See Williams v.
Taylor, supra.

## S U M M A R Y

When it is evidenced by the bill itself
that the presiding officers of each House did not
sign the bill, the bill is void. When the bill
itself discloses the signature of the President
of the Senate and the Speaker of the House and the
Journals of each House reflect that the presiding

officer of each House duly signed the bill in the presence of the House over which he presides, such matters constitute conclusive evidence that the bill was passed by the Legislature in accordance with the Constitution. If the Governor does not veto the bill or bills duly passed both Houses of the Legislature bearing the signatures of the President of the Senate and the Speaker of the House, such bill or bills will become law twenty (20) days after adjournment of the Legislature.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Harold Kennedy
Alfred Walker
Z. T. Fortescue, III
Bill Allen

HAWTHORNE PHILLIPS
Executive Assistant