

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 25, 1971

Honorable Bill Clayton
Chairman, Committee on Counties
House of Representatives
P. O. Box 120, Capitol Station
Austin, Texas 78711

Opinion No. M-871

Re: Constitutionality of S. B.
669, 62nd Leg., R.S., 1971,
relating to the power of
the Commissioners Courts
in certain counties to re-
strict the keeping of hogs
or hog pens in certain
circumstances.

Dear Mr. Clayton:

You have requested our opinion on the constitutionality of
Senate Bill 669 of the 62nd Legislature, R.S., 1971, which pro-
vides:

>      "Section 1.  The Commissioners Court of a
> county having a population of more than 1,000,000
> and not more than 1,500,000, by order may prohibit
> the keeping of hogs or hog pens within 500 feet of
> any residence in the county which is not within
> the jurisdiction of an incorporated city or town.
>
>      "Sec. 2.  A person who violates an order of
> the Commissioners Court under this Act, after having
> actual notice of the adoption of the order, is guilty
> of a misdemeanor and upon conviction is punishable
> by a fine of not less than $10 nor more than $200;
> and a separate offense is committed each day a vio-
> lation continues.
>
>      ". . .."

-4246-

Article III, Section 1, of the Constitution of Texas, provides:

"The legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas'."

Section 56 of Article III of the Constitution of Texas provides, in part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

"...

"Regulating the affairs of counties, cities, towns, wards or school districts;

". . .

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted; ..."

Section 23 of Article XVI of the Constitution of Texas provides:

"<u>The Legislature may pass laws for the regulation of live stock and the protection of stock raisers in the stock raising portion of the State, and exempt from the operation of such laws other portions, sections, or counties</u>; and shall have power to pass general and special laws for the inspection of cattle, stock and hides and for the regulation of brands; provided, that any local law thus passed shall be submitted to the freeholders of the section to be affected thereby, and approved by them, before it shall go into effect." (Emphasis added.)

Stock laws passed in compliance with Section 23 of Article XVI are exempt from the provisions of Section 56 of Article III. Therefore, pursuant to the provisions of Section 23 of Article XVI, the Legislature is authorized to pass a law regulating livestock making it applicable to the entire State or it might exempt any county from the operation of such law. Armstrong v. Traylor, 30 S.W. 440, (Tex.Sup. 1895); Mulkey v. State, 201 S.W. 991 (Tex.Crim. 1918); Ex Parte Thompkins, 83 S.W. 379 (Tex.Crim. 1904); Ex Parte Winslow, 164 S.W.2d 682 (Tex.Crim. 1942).

Senate Bill 669 neither makes the law applicable to the entire State nor makes the law applicable to any particular county. Rather, it delegates such legislative power to the commissioners court of a county having a population of more than 1,000,000 and not more than 1,500,000, in violation of Section 1 of Article III, Texas Constitution.

If a stock law governed by the last portion of Section 23 of Article XVI is enacted, such local law must be submitted and approved by a vote of the freeholders of the locality affected. Armstrong v. Traylor, supra.

Furthermore, prohibiting the keeping of hogs or hog pens within a certain distance of any residence in a county outside the corporate limits of a city or town is not a law regulating livestock or the protection of stock raisers nor is it a law providing for the inspection of cattle, stock and hides with a regulation or for the regulation of brands, within contemplation of Section 23 of Article XVI; therefore, Section 56 of Article III relating to local and special laws applies to this Bill. We cannot perceive any reasonable basis for prohibiting the keeping of hogs or hog pens within 500 feet of any residence which is not within the jurisdiction of an incorporated city or town and making such penal provisions applicable only to areas of a county having a population of more than 1,000,000 and not more than 1,500,000 and excluding all other areas in the State.

Therefore, it is our opinion that Senate Bill 669 constitutes a local or special law in violation of the above quoted provisions of Section 56 of Article III. Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941); Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467 (1936).

You are therefore advised that Senate Bill 669 of the 62nd Legislature, R.S., 1971, is unconstitutional.

## S U M M A R Y

Senate Bill 669 of the 62nd Legislature, R.S., 1971, authorizing the commissioners court of a county having a population of more than 1,000,000 and not more than 1,500,000, to prohibit the keeping of hogs or hog pens within 500 feet of any residence within the county which is not within the jurisdiction of an incorporated city or town and making a violation of such order a misdemeanor is unconstitutional. Sections 1 and 56, Article III, Texas Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Pat Bailey
Lonny Zwiener
Bob Lattimore
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant