120 U.S. 97
 7 S.Ct. 469
 30 L.Ed. 588
 LITTLE ROCK & FT. S. RY.
v.
WORTHEN, Collector, etc., and others. In Error to the
 Supreme Court of the State of Arkansas.
 
 HUNTINGTON and another, Trustees,
 v.
 SAME.[1] Appeal from the Circuit Court of the United
 States for the Eastern District of Arkansas.
 January 24, 1887.
 In the first of the above-entitled cases plaintiff, the Little Rock & Fort Smith Railway, is a corporation created under the laws of Arkansas, and operates a railroad from Little Rock to Fort Smith in that state, running through several counties in its route. The defendants are the sheriffs of those counties, and ex officio collectors of taxes therein. The suit was brought to enjoin them from collecting certain taxes assessed and levied for the year 1885 on what is termed in the revenue act of the state as the 'railroad track' of the corporation, upon the alleged ground that the board of railroad commissioners of the state exceeded its powers by including unauthorized elements in the estimate of its value. That t rm, 'railroad track,' embraces all fixed railroad property of the corporation, and is assessed for purposes of taxation as real estate.
 In the second of the above-entitled cases the plaintiffs, who are citizens of Massachusetts, and trustees under a mortgage executed by the railway company upon its railroad and land grant, filed their bill of complaint against the same collectors to restrain the collection of the same taxes. Subsequently the bill was amended by joining the county clerks of the several counties on the line of the railway as defendants, with prayers for injunctions restraining them from doing the several acts which the revenue act requires them to perform in connection with and subsequently to the sale of the railroad track.
 By a statute of Arkansas, passed in 1883, the governor, secretary of state, and auditor of public accounts were constituted a board of railroad commissioners for the state, and required on the first Monday of April of each year to ascertain the value of all property, real and personal, of every railroad company existing under the laws of the state, including therein the railroad track, rolling stock, water and wood stations, passenger and freight depots, offices and furniture; and it was made the duty of the company in March. The statute also required the board of railroad commissioners to meet on the first Monday of April in each year, at the office of the secretary of state, and examine the lists or schedules of the description and value of the railroad tracks of the railroad companies filed with the secretary of state; and if the schedules are made out in accordance with the provisions of the act, and, in the opinion of the board, the valuation of the railroad track is fair and reasonable, it shall appraise the same, and the secretary of state shall certify to the assessor of each county in which the railroad is located so much of the list as values the railroad track located in the county and in any city or town thereof, and the assessors shall list and assess the same as real estate.
 The Little Rock & Fort Smith Railway, under this statute, made a return of the length of its main and side tracks, and of the value thereof, and of the improvements and structures, including the railroad track on its right of way, but omitted in its estimate the value of the embankments, tunnels, cuts, ties, trestles, and bridges, following in this respect the directions of the statute. At a subsequent meeting, the board passed a resolution declaring that all property of railroad companies in the state should be assessed at its true value, without regard to the restrictions and limitations mentioned, by which the value of the embankments, tunnels, cuts, ties, trestles, and bridges is excluded from the schedule of their property; that, after full examination and consultation, it had determined that such limitations and restrictions were unconstitutional, and that it was not bound thereby. The several railroad companies were therefore requested to render full statements of their property, of whatever kind or description, and the true value thereof, without regard to the restrictions and limitations mentioned. A hearing was accorded to the companies by the board; but its conclusion was not changed, and it proceeded to include in the assessment of the railroad track the value of the embankments, tunnels, cuts, ties, trestles, and bridges. The assessment was thereby largely increased. The plaintiff thereupon commenced the present suit to restrain the collection of the taxes, setting forth the matters above mentioned, and alleging that it was unable to state to what extent the assessment of its property was increased by this action of the board, as the increase was incapable of separation from the whole. It charged, therefore, that the whole assessment was vitiated and rendered void by this unlawful action of the board, and prayed an injunction to restrain the collection of the taxes based upon it. The defendants appeared in the suit, and demurred to the complaint. The court in which the suit was commenced sustained the demurrer, and dismissed the suit. The supreme court of the state, on appeal, affirmed the decree of the court below, and the case is now brought here for review. In the second suit—the one from the federal court—the defendants appeared and pleaded in bar the decree in the above case in the state court, and also, by leave of the court, demurred to the complaint. The court sustained the demurrer, and dismissed the bill. From its decree the case is brought here on appeal.
 C. W. Huntington, for plaintiffs in error and appellants.
 David W. Jones, for defendants in error and appellees.
 Mr. JUSTICE FIELD, after stating the case as above, delivered the opinion of the court, as follows:
 
 
 1
 The constitution of Arkansas of 1874 provides that 'all property subject to taxation shall be taxed according to its value, to be ascertained in such manner as the general assembly shall direct, making the same equal and uniform throughout the state;' and that 'no one species of property from which a tax may be collected, shall be taxed higher than another species of property of equal value.' The following property is declared to be exempt from taxation: 'Public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.' And the constitution declares that 'all laws exempting property from taxation other than is provided' therein 'shall be void.'
 
 
 2
 As thus seen, no part of the property of railroad companies in the state is exempt from taxation, and any law which exempts it is in express terms declared to be void. But laws which indirectly produce such exemption must be equally inoperative. That cannot be accomplished indirectly which the organic law declares shall not be done directly. The assessment of property—that is, the appraisement and estimate of its value—is the basis upon which the amount of the tax is fixed. A law, therefore, omitting from assessment portions of any particular property, thus lessening the estimate of its value, has the effect of exempting it to that extent from taxation. That result cannot be accomplished, as well observed by the supreme court of the state, under the guise of regulating the duties of assessors.
 
 
 3
 When, therefore, under the advice of the attorney general, the board of railroad commissioners treated as invalid the direction of the statute that the value of embankments, tunnels, cuts, ties, trestles, and bridges should not be included in the estimate of the railroad track, it obeyed the constitution rather than the legislature. It may not be a wide thing, as a rule, for subordinate, executive or ministerial officers to undertake to pass upon the constitutionality of legislation prescribing their duties, and to disregard it if in their judgment it is invalid. This may be a hazardous proceeding to themselves, and productive of great inconvenience to the public, but still the determination of the judicial tribunals can alone settle the legality of their action. An unconstitutional act is not a law; it binds no one, and protects no one. Here the conflict between the constitution and the statute was obvious, and the board had the advice of the highest legal officer of the state; and his conclusion was sustained by the judgment of the supreme court of the state. The unconstitutional part of the statute was separable from the remainder. The statute declared that, in making its statement of the value of its property, the railroad company should omit certain items; that clause being held invalid, the rest remained unaffected, and could be fully carried out. An exemption, which was invalid, was alone taken from it. It is only when different clauses of an act are so dependent upon each other that it is evident the legislat re would not have enacted one of them without the other—as when the two things provided are necessary parts of one system—that the whole act will fall with the invalidity of one clause. When there is no such connection and dependency, the act will stand, though different parts of it are rejected.
 
 
 4
 As to the objection which the counsel of the plaintiffs in error in the state case, and of the appellants in the federal case, raise, that the action of the board of railroad commissioners was in conflict with that clause of the fourteenth amendment of the constitution of the United States which declares that no state shall deprive any one of property without due process of law, we can only say we do not perceive its application. The complaint of the plaintiffs in error and appellants is that the board of railroad commissioners did not follow the act of the legislature. If that act was valid, no ground lay for complaint that the state had done anything to deprive the company of its property without due process of law. If the act was, in the particulars mentioned, unconstitutional, as the supreme court of the state afterwards held, there was no just ground of complaint that the railroad commissioners had refused to follow its directions.
 
 
 5
 In the state case the writ is dismissed, there being no federal question involved. In the federal case the decree of the court below is affirmed.
 
 
 
 [1]
 See 16 Fed. Rep. 906; 18 Fed. Rep. 344; 21 Fed. Rep. 370.