FRANK LYNCH

*v.*

JULIA HUTCHINSON *et al.*

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

1. CONSTITUTIONAL LAW—*provision requiring bills to be signed by president of Senate is mandatory.* The provision of section 13 of article 4 of the constitution, requiring every bill which has passed both houses to be signed by the president of the Senate and the speaker of the House, is mandatory, even though such signatures are not conclusive evidence that the bill was properly passed.

2. SAME—*act of 1905, to extend jurisdiction of county and probate courts, is unconstitutional.* The act of 1905, (Laws of 1905, p. 186,) to extend the jurisdiction of probate courts and county courts having probate jurisdiction, so as to include the complete administration of testate estates, is unconstitutional, not having been signed by the president of the Senate.

APPEAL from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding.

A. E. HATHAWAY, and J. M. CASAVAW, for appellant.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a petition filed by Frank Lynch on July 21, 1905, in the probate court of Cook county, against Julia Hutchinson, Edward W. Mack and John Kelly, trustees under the last will of Michael Hutchinson, deceased, who died on February 23, 1903, and whose will was admitted to probate in said court on May 8, 1903, and which will created a trust in said estate in favor of Lynch to the extent of $3000, praying that said trustees be required to file an account in said probate court as such trustees, under the provisions of an act entitled "An act to extend the jurisdiction of probate courts and county courts having probate jurisdiction so as to include the complete administration of testate estates." (Laws of 1905, p. 186.) The probate court declined to grant the prayer of the petition and dismissed the same on

219—13

the ground that the statute above referred to was not signed by the president of the Senate, as required by the constitution, and was not, for that reason, a valid legislative enactment, and petitioner has prosecuted an appeal to this court.

The constitution of 1870 (art. 4, sec. 13,) provides: "Every bill shall be read at large on three different days, in each house; and the bill and all amendments thereto shall be printed before the vote is taken on its final passage; and every bill, having passed both houses, shall be signed by the speakers thereof." ' In this case it appears the bill above referred to was not signed by the president of the Senate. The question, therefore, is presented for decision whether the constitutional provision that "every bill, having passed both houses, shall be signed by the speakers thereof," is mandatory or only directory.

In those States where the enrolled bill, duly authenticated, is held to be conclusive evidence of its passage, the provision has uniformly been held to be mandatory, while in those States where the journals of the respective houses may be looked into to determine whether the bill was passed in compliance with constitutional provisions there is a conflict of authority upon the question. (26 Am. & Eng. Ency. of Law,—2d ed.—p. 545.) In this State, while it is held that the signatures of the president of the Senate and the speaker of the House to the bill are not conclusive evidence that the bill was properly passed, and that the journals of the respective houses may be examined to determine that question, the holding has heretofore been to the effect that the provision requiring the bill to be signed by the president of the Senate and speaker of the House is mandatory. (*Spangler* v. *Jacoby,* 14 Ill. 297; *Turley* v. *County of Logan,* 17 id. 151; *Burritt* v. *Commissioners of State Contracts,* 120 id. 322.) We see no reason for receding from the position heretofore taken by this court upon the question, as we are convinced the doctrine as announced by this court is sound upon principle and amply sustained by authority.

Cooley's Const. Lim. (2d ed.) p. 152; *State* v. *Kiesewetter*, 45 Ohio St. 263; 12 N. E. Rep. 807; *State* v. *Platt*, 2 S. C. 150; 16 Am. Rep. 647; *Moody* v. *State*, 48 Ala. 115; 17 Am. Rep. 28.

The judgment of the probate court will be affirmed.

*Judgment affirmed.*