

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

State Board of Water Engineers
Austin, Texas

                    Attention:  Mr. J. E. Sturrock

Gentlemen:

                    Opinion No. O-1993
                    Re:  Constitutionality of Article
                         7500a, V.A.C.S., and the va-
                         lidity of the proviso contain-
                         ed in Section 16, Ch. 88,
                         General Laws, 35th Legislature;
                         overruling letter opinions of
                         the Attorney General, Stone,
                         July 31, 1925 and Clark, May
                         20, 1927; and adopting letter
                         opinion, Stone dated July 18,
                         1925 and Clark, dated May 20,
                         1927, and conference opinion,
                         Smedley dated August 25, 1917.

We have your letter of February 21, 1940, and its enclosures,
requesting that we answer the following questions:

      "1.  Is Article 7500a, Vernon's Revised Civil
      Statutes valid?

      "2.  If Article 7500a is void, is Section 16,
      Ch. 88, General Laws, 35th Legislature, the
      law?"

You enclosed a Conference Opinion of this Department dated
August 25, 1917, written by Honorable G. B. Smedley, Assis-
tant, to the Secretary of the Board of Water Engineers, here-
after referred to as the Smedley opinion.  It holds that the
proviso contained in Section 16, Chapter 88, General Laws, 35th
Legislature does not give a landowner permission to impound
or use without a permit, the water impounded by a dam or re-
servoir constructed on his own land, but that it merely gives
such person the right to construct such a dam or reservoir
without submitting his plans to the Board of Water Engineers
for approval.

Also enclosed, were copies of letter opinions of this depart-
ment given the Board of Water Engineers as follows:

July 18, 1925, C. L. Stone;  July 31, 1925, C. L. Stone;
May 20, 1927, Allen Clark;  and August 27, 1927, Allen
Clark.  These will be referred to as the first and second
Stone opinion and first and second Clark opinion respectively.

The first Stone opinion and the first Clark opinion both hold
Section 5 (Article 7500a V.A.C.S.), Ch. 136, General Laws of
the 39th Legislature (the 1925 Act) unconstitutional, because
of the irreconcilable conflict between the caption of the 1925
Act and said Section 5.  The second Stone opinion holds that
Section 16 of the 1917 Act was expressly amended by Chapter
136, General Laws of the 39th Legislature, that Section 7,
Ch. 136, General Laws of 1925, 39th Legislature, provides for
the repeal of all laws in conflict with the provisions of said
Section and Chapter, and that, therefore, no law exists autho-
rizing a person to construct on his own property a dam or re-
servoir to impound and contain water in any amount without
securing a permit therefor.  The first Clark opinion also holds
that Section 5 of the 1925 Act being unconstitutional, it does
not effect a repeal of the proviso contained in Section 16,
then contained in Article 7496, V.R.C.S., as it read prior
to the passage of the 1925 Act now contained in the Historical
Note to Article 7496, V.A.C.S. in the new volume 21 of the
Vernon's Annotated Civil Statutes.  Thus, the second Stone
opinion and the first Clark opinion are in conflict.

The second Clark opinion holds that, inasmuch as the attempted
amendment contained in the 1925 Act is void, the proviso con-
tained in Section 16 of the 1917 Act, is still in effect;  and
that it authorizes a person owning lands to impound less than
500 feet of water on his own property without securing a per-
mit therefor from the Board of Water Engineers.  This opinion
makes no reference to the Smedley opinion and the two are in
direct conflict.  The Smedley opinion being a conference
opinion takes precedence over the Clark opinion and is, in our
opinion, correct.

In addition to answering your questions, we will eliminate
these conflicts.

The proviso contained in Section 16 of the 1917 Act reads as
follows:

>   ". . .provided, however, that nothing in this
>   section or in this Act shall affect or re-
>   strict the right of any person or persons,
>   owning lands in this State to construct on
>   his own property any dam or reservoir which

would impound or contain less than five hundred acre-feet of water."

For a proper understanding of the problem, it is necessary to quote at length from the 1925 Act:

"S.B. No. 349  Chapter 135  An Act relating to the appropriation and use of water and providing that such water may, in addition to other uses, be appropriated and used for purposes of public parks, game preserves, recreation and pleasure resorts, power and water supply for industrial purposes and domestic use;  amending Section 16, Chapter 88, Acts of the Regular Session of the Thirty-fifth Legislature, providing for the filing of presentations relating to investigation of the use of water and the terms and conditions thereof, that priority of right dates from the filing of same, that such rights shall extend for a period of six months and may be extended by order of the Board of Water Engineers not to exceed a total period of three years and the requisites, conditions and operation of same;  providing that the fees paid upon the filing of a presentation may be held for the term thereof or during the period of any extension thereof and be handled according to law, and that all rights under a presentation shall cease at the end of the term thereof unless a permit is issued in pursuance thereof; . . .providing that any one may construct on his own property a dam or reservoir to contain not to exceed fifty acre-feet of water without securing a permit therefor; . . .

"Sec. 2.  Amend Section 16, Chapter 88, Acts of the Regular Session of the Thirty-fifth Legislature, so that same shall hereafter read as follows:

" . . .

"Sec. 5.  Any one may construct on his own property a dam and reservoir to impound or contain not to exceed two hundred and fifty

> acre feet of water <u>without the necessity</u>
> <u>of securing a permit</u> therefor.
>
> " . . .
>
> "Sec. 7. All laws in conflict with the
> provisions hereof are hereby repealed."
> (Underscoring ours).

The first Stone opinion and the first Clark Opinion are in
accord in holding Section 5 of the 1925 Act (Article 7500a,
V.A.C.S.) to be in contravention of Article 3, Section 35
of the Texas Constitution, and void, because the caption,
which provides for fifty acre-feet and the body of the bill,
for two hundred and fifty acre-feet are in irreconcilable
conflict. We adopt the first Stone and first Clark opinions
to this extent and your first question is answered in the
negative. Ft. Worth and D. C. Ry. Co. v. Loyd, 63 Civ. App.
47, 132 S.W. 899 (error refused); Sutherland v. Board of
Trustees (Civ. App.) 261 S.W. 489 (error refused); Ward
v. State, 102 Crim. Rep. 204, 277 S.W. 672; 39 Tex. Jur.
100. The reasons for this holding are more fully set out
under our discussion of your second question, as the pre-
liminary problems arising out of both are very similar.

The caption of the 1925 Act expresses a general purpose, as
indicated by the underscoring; it names Section 16 of the
1917 Act as one of those amended, and sets out the subject
matter of the amendment in detail. The caption does not
state that Section 16 is expressly repealed; whether it
was so intended must be determined before your second ques-
tion can be correctly answered. Section 5, properly con-
strued, covers the same subject matter as the proviso of
Section 16. Apparently, the Legislature intended that Sec-
5 should take the place of the proviso , and that it should
repeal that much of Section 16, by virtue of Section 7, the
repealing clause of the 1925 Act.

Section 5 being void, it cannot have the effect of repealing
the proviso. It is a nullity and has no more effect than
if it had never been passed. Consolidated Underwriters v.
Kirby Lumber Co. (Com. App.) 267 S.W. 703, (revising 250
S.W. 476); Culberson v. Ashford, 118 Tex. 491, 18 S.W. (2d)
585; 39 Tex. Jur. 128; Lewis' Sutherland Statutory Con-
struction, Sec. 245; Parshall v. State, 62 Crim. Rep. 177,
138 S.W. 759. Therefore, the second Stone opinion, holding
that Section 5 repealed the proviso is in error and is here-
by overruled.

From their opinions, it appears that neither Mr. Stone nor Mr. Clark considered the question of whether or not Section 2 of the 1925 Act, which set out at length the amended Section 16, repealed Section 16 as written in the 1917 Act. This is the most difficult of all the questions involved, for the case of State v. Andrews, 20 Tex. 128 squarely holds that "an amendment operates to repeal any provision of the original act or section that is omitted." 39 Tex. Jur. 128. The act considered in the Andrews case amended a former act by providing that its first section "shall hereafter read as follows," which is the identical wording of Section 2 of the 1925 Act. Section 2, in amending Section 16, likewise made an omission, the proviso.

However, in our opinion, the proviso was not repealed by Section 2 of the 1925 Act, first, because the rule of the Andrews case seems to have been restricted by the later cases, and second, if such was the intention of the Legislature in enacting the 1925 Act, the caption is misleading in that, although it particularly sets out the contents of Section 16 as amended, it fails to give notice that the proviso is omitted or repealed; and further, it fails to point out that Section 2, purports to replace Section 16 and repeal the omitted portions. In fact, a contrary purpose was expressed in the caption namely, not to abolish the right to construct a dam on private property, without submitting plans to the State Board of Water Engineers, but to reduce from 500 to 50 acre-feet, the impounding capacity of the dam which could be so constructed.

The caption of the Act considered in the Andrews case merely contained references to the acts and sections amended; the distinction is that it did not go farther and set out with particularity, the contents of the amended section, as does the caption of the 1925 Act. In this regard, we quote and adopt the following pertinent language from the case of Rodgers v. Tobias, (Civ. App.) 225 S.W. 804 (error refused), similar on its facts, which held the Act there in question violative of Article 3, Section 35 of the Constitution, for the want of an adequate caption:

> "It cannot therefore be given the effect of a mere simple reference in a general way, but would be interpreted by the rule that 'the mention of one thing is the exclusion of another'. . .The title here having gone beyond a simple reference to the prior law, in that it specifies the parti-

cular field the amendment is to cover, will not
be held to furnish the proper legislative pre-
lude to an act dealing with a wholly different
subject. . ."

To the same effect, see Holman v. Pabst, 27 S.W. (2d) 340
(error refused);  Ward Cattle and Pasture Co. v. Carpenter,
109 Tex. 103, 200 S.W. 521, affirming 168 S.W. 408;  Adams
v. San Angelo Waterworks Co., 86 Tex. 485, 25 S.W. 605;
39 Tex. Jur. 103.

The 1917 Act, Article 7466, V.A.C.S. declared certain pub-
lic rights and duties with respect to the conservation of
the public waters and proceeded to regulate their use.  The
proviso of Section 16 of the Act reserved to the landowners
a certain right or privilege.  If by the 1925 Act, the Legis-
lature intended to abolish this right or privilege, it should
have said so in clear language, giving reasonable notice in
the caption.  In our opinion, it did not do this;  it did
not comply with the requirements of Article 3, Section 35
of the Constitution.

The effect of an omission, similar to the one here, was con-
sidered in the case of Chapman v. Morrison et al., 278 S.W.
236 and we adopt Judge Fly's language with reference to the
caption:

"No reference is made to changing the article
so as to destroy an important privilege of the
citizen enjoyed by him ever since the state came
into existence.  If it was the intention to des-
troy that privilege, then the statute is clearly
unconstitutional, in that the title does not
state that the act was passed to destroy the
right. . ."

Judge Fly's opinion was cited and followed in the cases of
Globe Indemnity Co. v. Barnes, 280 S.W. 275, affirmed 288
S.W. 121;  Tasbutton v. Ambrig, 282 S.W. 891 and Humble Oil
and Ref. Co. v. Andrews, (Civ. App.) 279 S.W. 300, all of
which involved the same statute.  Also, see Lone Star Gas
Co. v. Birdwell, (Civ. App.) 74 S.W. (2d) 294; Holman v.
Pabst, supra; 39 Tex. Jur. 104.

Section 2 of the 1925 Act provides that Section 15 "shall
hereafter read as follows" and omits the proviso.  How-
ever, the caption did not state that Section 16 should
"hereafter read" as set out in the Act.  They are in con-

flict to this extent. If the caption had merely stated that Section 16 of the 1925 Act was amended, we would feel bound to hold the caption sufficient and the words "hereafter read," contained in the Act, sufficient to effect a repeal of the proviso. State v. Andrews, supra. But, such is not the case, as heretofore pointed out.

Summarizing our holding, you are respectfully advised:

1. That Article 7500a, V.A.C.S., Section 5, Ch. 136, General Laws of 1925, 39th Legislature is unconstitutional and that the letter opinions of the Attorney General so holding, dated July 18, 1925 and May 20, 1927, written by C. L. Stone and Allen Clark respectively, are hereby adopted;

2. That the proviso attached to Section 16, Ch. 88, General Laws of 1917, 35th Legislature, and which is to be found in the Historical Note to 7496, V.A.C.S. was not repealed by Section 2, Section 5, or Section 7, Ch. 136, General Laws of 1925, 39th Legislature and that same is now in full force and effect; and, that the letter opinion of the Attorney General, so holding, dated May 20, 1927, is hereby adopted;

3. That the letter opinion of the Attorney General written by C. L. Stone and dated July 31, 1925, is expressly overruled and withdrawn; and

4. That the conference opinion of this department dated August 25, 1917, written by Hon. G. B. Smedley, construing the proviso contained in Section 16 is hereby adopted, and the letter opinion of the Attorney General dated August 27, 1927, written by Allen Clark, which is in conflict with the Smedley opinion is hereby overruled and withdrawn.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

JN:eaw

APPROVED MAY 8, 1940          By

ATTORNEY GENERAL OF TEXAS              James Noel
                                       Assistant