## J. E. GANDY v. THE STATE.

No. 5744. Decided April 7, 1920.

**1.—Tick Eradication—Information—Validity of Law.**

Where defendant contended that the Act of the Thirty-fifth Legislature, known as the Tick Eradication Law, was invalid because it prescribed two penalties for the same offense, such contention is untenable, as the offenses mentioned in Sections 15 and 22 in said Act, are not the same.

**2.—Same—Local Option—Statutes Construed.**

Defendant's contention that said Tick Eradication Law has no force and effect in counties where no local option election under the terms and pro-

visions of Section 7 of said Act has been held, is untenable. Following Mc-Gee v. State, 81 Texas Crim. Rep., 210; and other cases. Said law is not a local option law as is contemplated by the terms of Section 23, Article 16, of the Constitution of Texas, but is a State-wide Act; and the provision contained in Section 7 is simply to hasten the operation of said law as to such counties.

**3.—Same—Evidence—Disability of Defendant—Statutes Construed.**

Upon trial of a violation of the Tick Eradication Law, the defendant should have been permitted to show the fact that he was ill at the time when he was required to dip his cattle, and physically unable to take his cattle to the dipping vat, as the Tick Eradication Law is not immune from the application of rules of reasonableness, both in construction and enforcement.

Appeal from the County Court of Smith. Tried below before the Honorable W. R. Castle.

Appeal from a conviction of a violation of the tick Eradication law. Penalty; a fine of $25.

The opinion states the case.

*Nat. W. Brooks,* for appellant.—On question of local option law: Clark v. Finley, 93 Texas, 180; Armstrong v. Traylor, 87 id. 603.

*Alvin M. Owsley,* Assistant Attorney General for the State.—Cited: Emberline v. State, 212 S. W. Rep., 952, and cases cited in opinion.

LATTIMORE, JUDGE.—Appellant was convicted for the violation of the Tick Eradication Law, in the county court of Smith County, and punished by a fine of $25.

It appears from the record that appellant made a motion to quash the complaint and information, on the ground that the same charged no offense, for the reason that the Act of the Thirty-fifth Legislature, Chapter 60, known as the "Tick Eradication Law," is invalid as to the penalty, because it prescribed two penalties for the same offense. We do not think the offenses mentioned in Sections 15 and 22, in said Act, are necessarily the same, nor that the punishment affixed, is intended to be for the same offense. That offense punished by the terms of Section 15, is the refusal to dip cattle after proper notification; that mentioned and set out in Section 22, seems to be for failure to use dip of the strength and kind officially prescribed. As further grounds of said motion to quash, appellant urges that said tick eradication law has no force and effect in counties where no local election under the terms and provisions of Section 7, of said Act, has been held. The contrary to this position has been held by our Courts. See Castleman et al. v. Rainey, 211 S. W. Rep., 637; McGee v. State, 194 S. W. Rep., 952; 81 Texas Crim. Rep., 210. We are satisfied that the Legislature, in dealing with the question of the health and well-being of the large live-stock interests in this State,

has the right and power to enact a law, by the terms of which the rules and regulations prescribed by the Livestock Sanitary Commission, for the purpose of preventing disease, and promoting health among such livestock, is binding upon the citizens so far as the same appear reasonable in their terms and methods of enforcement. Nor do we think it necessary, for the validity of such law, that the same contain the local option feature; nor that the fact that there is a local option feature, necessarily invalidates the remainder of the law. An examination of Section 7 of the Act under investigation, discloses the fact that said section presents a local option feature, but a close reading of the same shows that it only involves the vote of the people of a given county, to decide whether or not they wish tick eradication begun and carried on under the direction of the Livestock Sanitary Commission; the only conclusion of the matter, as outlined in said section, in the event a majority of the votes be unfavorable, being that the county judge shall so notify said commission. It is also provided in said section, that if a majority of the votes be favorable, the entire machinery of the law, the making of rules and regulations, the appointment of inspectors, and the enforcement of the law, are all to be confided to said Livestock Commission. We think said Tick Eradication Law is not a local law, such as is contemplated by the terms of Section 23, of Article 16 of our Constitution. Said Act is a State-wide act, providing for the prevention of disease and promoting health among the livestock of the entire State. The only local option feature contained in said Act, as we view it, is the provision contained in Section 7, whose only effect seems to be to hasten the operation of said law as to such counties. It is specifically provided by the terms of said Act, that at times stated therein for each of the three zones named, said Livestock Commission shall then proceed to declare a quarantine against so much of the territory in said zone as is not then free from ticks. The exercise of this power by the Commission, would put into active operation, as to the whole State, those measures which are necessary to tick eradication; said quarantine a declaration, after said named dates, however, having application only to those portions of the State which have not theretofore, by vote of the citizens of the several counties, invited the aid and immediate assistance of said Commission; in freeing them from ticks. It will also be observed by an examination of this statute, that the adoption of quarantine, as provided by Section 7, does not place any quarantine around a given county, or set in actual operation any law governing the same, but it is provided that upon the ascertainment of the fact that the vote is favorable, the said Livestock Commission shall be notified, and that said Commission, moving within the further provisions of said Act, may then proceed to have the quarantine placed around said county, and thus begin the work of tick eradication therein. We repeat that we do not think this is a local law in the sense used by our constitution, wherein a law already framed and ready of operation and en-

forcement, is submitted to the voters of a given territory, by whose vote alone its application and vitality are decided. We are unable to agree with this contention of appellant.

By his bill of exception No. 8, appellant shows that the testimony of witnesses to establish the fact that he was sick on August 30, 1919, and physically unable to take his cattle to the dipping vat on that date as directed, was offered by him, and upon objection by the State, said testimony was rejected. This was error. The complaint was filed on September 1, 1919, and charged appellant with having failed and refused to dip his cattle on August 30, 1919. If in fact, appellant was prevented by any cause beyond his control, such as sickness, from complying with the exact terms or requirements of the law, from complying with the exact terms or requirements of the law, proof of such fact would be a defense. The Tick Eradication Law is not immune from the application of rules of reasonableness, both in construction and enforcement. Large powers are given the Sanitary Livestock Commission, and the courts will safeguard the exercises of same, and the carrying out of the purpose of the law in such manner as that a citizen may not be penalized for a failure which is not a refusal, and for which he offers to show that he ought not to be held legally responsible. The court should have admitted the testimony under a proper instruction that if in fact appellant was thus prevented, he would not be guilty.

For the error mentioned, the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*